Nikki L. Wilson (SBN 218744)
Sarah Raoof (SBN 329260)
JACKSON LEWIS P.C.
200 Spectrum Center Drive
Suite 500
Irvine, CA 92618
Telephone:   (949) 885-1360
Facsimile:    (949) 885-1380
Nikki.Wilson@jacksonlewis.com
Sarah.Raoof@jacksonlewis.com

Attorneys for Defendant
NOVA SOUTHEASTERN UNIVERSITY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDSEY MACK, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>NOVA SOUTHEASTERN UNIVERSITY, a Private-Nonprofit Corporation; MICHELLE WOLFMAN, Professor; DONNA HILLIER, a Program Manager; KAREN GROSBY, Dean; JENNIFER WILSON, Director of Disability Services; GEORGE HANBURY, President; BENJAMIN JOHNSON, Chief Judicial Officer; RODNEY DORVAL, Case Manager; KATIE TENNANT, Case Manager; JENNIFER RAMOS, Chief of Staff; SHARI SAPERSTEIN, Vice President of Student Affairs; DENISE CARRAZCO, Graduate Administrative Assistant; DANIELLE MILLEN, Professor; STEPHANIE AKI, Professor<br><br>Defendants. | Case No.: 3:24-cv-1120 CAB VET<br><br>Hon. Cathy Ann Bencivengo, Dep. 15A<br><br>**DEFENDANT NOVA SOUTHEASTERN UNIVERSITY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE PORTIONS OF THE COMPLAINT PURSUANT TO FEDERAL RULE OF CIVL PROCEDURE 12(f)**<br><br>*(Filed concurrently with Notice of Motion and Motion and [Proposed] Order)*<br><br>**Hearing Date: August 9, 2024**<br>**Dept.: 15A**<br><br>*PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT*<br><br>Complaint filed:    April 29, 2024<br>Trial Date:           Not Set. |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO STRIKE
CASE NO. 3:24-cv-1120 CAB VET

## I.   INTRODUCTION

This matter arises out of Plaintiff Lindsey Mack's ("Plaintiff") enrollment as a student with Defendant Nova Southeastern University ("Nova"), a private university based in Florida. Since Plaintiff's enrollment at Nova beginning in Winter 2014, Plaintiff has been entirely remote. Plaintiff claims that during her Winter 2023 enrollment, she requested continuing accommodations for her unidentified disability which were denied. Plaintiff also alleges she was retaliated against for requesting the accommodations. Nova had modified Plaintiff's prior accommodations based upon the particular coursework Plaintiff was enrolled in, which were not satisfactory to her. Disgruntled, Plaintiff filed this lawsuit against Nova and fourteen (14) of its faculty members and administrators asserting nine causes of actions that include claims of due process violations, discrimination and retaliation under the Rehabilitation Act, violation of Nova's own anti-discrimination policies, fraud, intentional infliction of emotional distress, and deceptive business practices.

Nova moves to strike Plaintiff's requests for punitive damages, emotional damages and attorneys' fees. Punitive and emotional distress damages are not recoverable under the Rehabilitation Act. Additionally, as argued in Nova's accompanying Motion to Dismiss, Plaintiff's due process claims are not actionable as to Nova. Further, Plaintiff's claims tort claims fail to state a claim upon which relief can be granted. Finally, Plaintiff has brought this lawsuit in pro per and is not entitled to attorney's fees.

Accordingly, the Court should strike out Plaintiff's request for punitive damages, emotional distress damages, and attorney's fees.

## II.   STATEMENT OF FACTS AND RELEVANT

### A.   Plaintiff's Factual Allegations

In sum, Plaintiff alleges she first enrolled as a student with Nova in Winter 2014. *See* Compl. ¶ 9.) Plaintiff alleges she is disabled and had been provided with accommodations by Nova for eight years. *Id*. at ¶¶ 11, 15, 16. Nowhere in the Complaint does Plaintiff actually identify what her disability is or what accommodations were

1  previously provided to her by Nova. Beginning Winter 2023, Nova modified Plaintiff's

2  accommodations based upon the course she was taking and informed Plaintiff the

3  accommodations needed to be requested on a course-by-course basis as part of the

4  interactive process with the Program Director. *Id*. at ¶ 41. Plaintiff was asked to notify the

5  Disability Office by email for any course Plaintiff wanted the school to review the

6  accommodation for when Plaintiff registers for a new semester or during the first week of

7  each semester. *Id*. at ¶ 41. Plaintiff alleges Nova discriminated against her by refusing to

8  implement her prior accommodations and modifying them to her disapproval and

9  dissatisfaction.

10  ### B.    Procedural History

11      On April 29, 2024, Plaintiff filed her Complaint in pro per in the Superior Court of

12  the State of California, County of San Diego, against Nova and many its faculty members,

13  including defendants Michelle Wolfman (Professor), Donna Hillier (Program Manager),

14  Karen Grosby (Dean), Jennifer Wilson (Director of Disability Services), George Hanbury

15  (President), Benjamin Johnson (Chief Judicial Officer), Rodney Dorval (Case Manager),

16  Katie Tennant (Case Manager), Jennifer Ramos (Chief of Staff), Shari Saperstein (VP of

17  Student Affairs), Brad Williams (Senior VP of Student Affairs), Denise Carrazco

18  (Graduate Administrative Assistant), Daniell Millien (Professor), and Stephanie Akl

19  (Professor). *See generally* Compl.

20      The Complaint asserts the following nine causes of actions against all defendants:

21  (1) Violation of First Amendment, as applied to the states; (2) Violation of Article I,

22  Section 2(a) of California State Constitution; (3) Violation of Nova Southeastern's

23  Nondiscrimination Policy and General Student Rights Policies; (4) Violation of § 504 of

24  the Rehabilitation Act; (5) Fraud; (6) Administrative Negligence and Lack of Duty of Care;

25  (7) Retaliation; (8) Willful, Purposeful, and Intentional Infliction of Emotional Distress;

26  and (9) Deceptive Business Practices.  *Id*. Plaintiff's prayer for relief, includes a request

27  for punitive damages, emotional distress damages, and attorney's fees. *Id*.

28  ///

3

1       On June 27, 2024, Nova timely removed this action to this Court on the ground of

2  federal question jurisdiction.  *See* Dkt. No. 1.

3  **III.  LEGAL STANDARD**

4       Motions to strike are governed by Rule 12(f) of the Federal Rules of Civil Procedure.

5  That rule provides: "The court may strike from a pleading . . . any redundant, immaterial,

6  impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A Rule 12(f) motion to strike

7  attacks an entire pleading or portions thereof.

8       "Immateriality" and "impertinence" under Rule 12(f) both speak to the relevance of

9  challenged allegations. "'Immaterial' matter is that which has no essential or important

10  relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*,

11  984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517, 114 S. Ct.

12  1023, 127 L. Ed. 2d 455 (1994) (cleaned up). "'Impertinent' matter consists of statements

13  that do not pertain, and are not necessary, to the issues in question." *Id.*  "[G]enerally,"

14  courts grant such a motion "where it is clear that the matter to be stricken could have no

15  possible bearing on the subject matter of the litigation.'" *Rosales*, 882 F. Supp. 2d at

16  1179 (quoting *Walters v. Fid. Mortg. of Cal.*, 730 F. Supp. 2d 1185, 1196 (E.D. Cal.

17  2010) (citing in turn *Lilley v. Charren*, 936 F. Supp. 708, 713 (N.D. Cal. 1996)).

18       "The function of a 12(f) motion to strike is to avoid the expenditure of time and

19  money that must arise from litigating spurious issues by dispensing with those issues prior

20  to trial…" *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other

21  grounds by *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 127 L. Ed. 2d 455, 114 S. Ct. 1023

22  (1994) (quoting *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)).

23       A motion to strike is a primary method of reaching defects or objections to a

24  pleading that cannot be addressed by a motion to dismiss. Schwarzer § 9:371. Granting a

25  motion to strike is within the trial court's sound discretion. *Fantasy, Inc.*, 984 F.2d at 1527.

26  ///

27

28  ///

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO STRIKE
CASE NO. 3:24-cv-1120 CAB VET

**IV.    PLAINTIFF'S REQUEST FOR PUNITIVE DAMAGES, EMOTIONAL DISTRESS DAMAGES, AND ATTORNEY'S FEES SHOULD BE STRICKEN AS IMMATERIAL AND IMPERTINENT**

    **A.    The Court Should Strike Plaintiff's Request for Attorney's Fees**

It is well settled that a pro se litigant who is not a lawyer is not entitled to attorney's fees. *Kay v. Ehrler, 499 U.S. 432* (1991) (holding that even pro se litigant who is an attorney is not entitled to attorney fees); see also *Gonzalez v. Kangas*, 814 F.2d 1411 (9th Cir. 1987) (non-attorney prisoner could not obtain attorney's fees). Even an attorney litigant who represents him or herself in pro se cannot recover attorney's fees. *Trope v. Katz, 11 Cal.*4th 274 (1995).

Here, Plaintiff is a pro se litigant without representation by counsel. Thus, the request for attorney's fees is improper and should be stricken.

    **B.    The Court Should Strike Plaintiff's Request for Punitive Damages and Emotional Distress Damages**

Plaintiff seeks emotional distress damages in her First through Ninth causes of actions. Plaintiff also seeks an award of punitive damages in her Third through Ninth causes of action.

However, as provided in Nova's accompanying Motion to Dismiss, Plaintiff's First and Second causes of actions are not actionable against Nova as a private university.

Plaintiff's Third cause of action is not viable because there is no statute or common law that provides a cause of action for monetary damages against a private university for violation of its own nondiscriminatory policies.

Plaintiff's Fourth and Seventh causes of action, which are made under Section 504 of the Rehabilitation Act, do not allow for the recovery of punitive damages or emotional distress damages. *Barnes v. Gorman*, 536 U.S. 181, 189 (2002) (holding punitive damages are not an available remedy under the Rehabilitation Act or the Americans with Disabilities Act); *Cummings v. Premier Rehab Keller, P.L.L.C.*, No. 20-219 (April 28, 2022) (holding emotional distress damages are also barred under Section 504).

1    Plaintiff's Sixth cause of action is also not viable under the educational malpractice

2    doctrine. *Paladino v. Adelphi Univ.*, 89 A.D. 2d 85, 87, 454 N.Y.S.2d 868 (1982) (citations

3    omitted); *see also Peter W. v. San Francisco Unified Sch. Dist.*, 60 Cal. App. 3d 814, 825

4    (1976) (refusing to recognize a cause of action for education malpractice); *Paulsen v.*

5    *Golden Gate Univ.*, 25 Cal. 3d 803, 808 (1979) ("There is a widely accepted rule of judicial

6    nonintervention into the academic affairs of schools.").

7    Further, Plaintiff's Fifth, Eighth and Ninth causes of action lack particularity and

8    fail to state a claim upon which relief can be granted.

9    Finally, California Civil Code section 3294, which governs requests for punitive

10   damages, requires a showing of "malice, oppression or fraud." (*Cal. Civ. Code* § 3294(a).)

11   "Malice" means "conduct which is intended by the defendant to cause injury to the plaintiff

12   or despicable conduct which is carried on by the defendant with a willful and conscious

13   disregard of the rights or safety of others." (*Cal. Civ. Code* § 3294(b)(1).) "Oppression"

14   means "despicable conduct that subjects a person to cruel and unjust hardship in conscious

15   disregard of that person's rights." (*Cal. Civ. Code* § 3294(b)(2).) "Fraud" means "an

16   intentional misrepresentation, deceit, or concealment of a material fact known to the

17   defendant with the intention on the part of the defendant of thereby depriving a person of

18   property or legal rights or otherwise causing injury." (*Cal. Civ. Code* § 3294(b)(3).)

19   Further, subsection (b) states that "an employer  shall not be liable for damages

20   pursuant to subdivision (a), based upon acts of an employee of the employer, unless the

21   employer had advance knowledge of the unfitness of the employee and employed him or

22   her with a conscious disregard of the rights or safety of others or authorized or ratified the

23   wrongful conduct for which the damages are awarded or was personally guilty of

24   oppression, fraud, or malice."

25   Here, the allegations made in the Complaint do not justify a request for punitive

26   damages as to Nova in that there is no showing of malice, oppression of fraud by Nova or

27   any of its faculty members.

28   Consequently, Plaintiff's request for punitive damages and emotional distress

6

1  damages are immaterial, impertinent, and should be stricken.

2  **V.      CONCLUSION**

3        For the foregoing reasons, Defendants respectfully requests the Court grant its

4  Motion to Strike and strike out Plaintiff's improper request for attorney's fees, punitive

5  damages, and emotional distress damages.

6

7  DATED:  July 3, 2024                    JACKSON LEWIS P.C.

8                                          By: */s/ Sarah Raoof*

9                                              Nikki L. Wilson
                                               Sarah Raoof
10

11                                             Attorneys for Defendant
                                               NOVA SOUTHEASTERN UNIVERSITY
12  4888-4921-9789, v. 1

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO STRIKE
CASE NO. 3:24-cv-1120 CAB VET