1  Nikki L. Wilson (SBN 218744)
   Sarah Raoof (SBN 329260)
2  JACKSON LEWIS P.C.
   200 Spectrum Center Drive
3  Suite 500
   Irvine, CA 92618
4  Telephone:  (949) 885-1360
   Facsimile:   (949) 885-1380
5  Nikki.Wilson@jacksonlewis.com
   Sarah.Raoof@jacksonlewis.com
6
7  Attorneys for Defendant
   NOVA SOUTHEASTERN UNIVERSITY
8

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDSEY MACK, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>NOVA SOUTHEASTERN UNIVERSITY, a Private-Nonprofit Corporation; MICHELLE WOLFMAN, Professor; DONNA HILLIER, a Program Manager; KAREN GROSBY, Dean; JENNIFER WILSON, Director of Disability Services; GEORGE HANBURY, President; BENJAMIN JOHNSON, Chief Judicial Officer; RODNEY DORVAL, Case Manager; KATIE TENNANT, Case Manager; JENNIFER RAMOS, Chief of Staff; SHARI SAPERSTEIN, Vice President of Student Affairs; DENISE CARRAZCO, Graduate Administrative Assistant; DANIELLE MILLEN, Professor; STEPHANIE AKI, Professor<br><br>Defendants. | Case No.: 3:24-cv-1120 CAB VET<br><br>Hon. Cathy Ann Bencivengo, Dep. 15A<br><br>**DEFENDANT SOUTHEASTERN UNIVERSITY'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT PURSUANT TO FEDERAL RULE OF CIVL PROCEDURE 12(B)(6)**<br><br>*(Filed concurrently with Memorandum of Points and Authorities and [Proposed] Order)*<br><br>**Hearing Date: August 9, 2024**<br>**Dept.: 15A**<br><br>*PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT*<br><br>Complaint filed:   April 29, 2024<br>Trial Date:            Not Set. |

///

1

**TO THE HONORABLE COURT AND PLAINTIFF IN PRO PER:**

**NOTICE IS HEREBY GIVEN** that on August 9, 2024, in Courtroom 15A of the United States District Court for the Southern District of California, Defendant NOVA SOUTHEASTERN UNIVERSITY ("Nova") shall and hereby does bring this Motion to Dismiss Plaintiff LINDSEY MACK's Complaint ("Motion") with prejudice as to the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth causes of actions, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This Motion to Dismiss the Complaint is brought on the following grounds:

Plaintiff's First and Second causes of action should be dismissed for failure to state a claim because Nova is a private university that is not governed by the Due Process Clause of the Fourteenth Amendment and no statutory provisions or common law tort exists that affords Plaintiff the right to seek monetary damages against Nova under Article I section 2(a) of the California Constitution.

Plaintiff's Third cause of action should be dismissed for failure to state a claim because there is no statute or common law that provides a cause of action for monetary damages against a private university for violation of its own policies.

Plaintiff's Fourth and Seventh causes of action should be dismissed for failure to state a claim because Plaintiff has failed to plead what disability she had, that she was a qualified individual under Section 502(a) of the Rehabilitation Act, or that the accommodations offered by Nova were unreasonable under the circumstances. Additionally, punitive and emotional damages are barred under Section 502.

Plaintiff's Fifth cause of action should be dismissed for failure to state a claim because the allegations in the complaint fail to meet the particularity requirement of Rule 9(b). *Neilson v. Union Bank of Cal.*, 290 F. Supp. 2d 1101, 1141 (CD. Cal. 2003).

Plaintiff's Sixth cause of action should be dismissed for failure to state a claim because setting aside the fact that "administrative negligence," is not a valid cause of action, and the allegations equate to a claim of education malpractice, which is not actionable. *Peter W. v. San Francisco Unified Sch. Dist.*, 60 Cal. App. 3d 814, 825 (1976).

1  Plaintiff's Eighth cause of action should be dismissed for failure to state a claim because the allegations in the Complaint regarding the actions or inaction of Nova and each individual defendant do not amount to extreme and outrageous conduct.

Plaintiff's Ninth cause of action should be dismissed for failure to state a claim because Plaintiff fails to state a claim for fraud against Nova. *Aleksick v. 7-Eleven, Inc.* (2012) 205 Cal. App. 4th 1176, 1185 ("[w]hen a statutory claim fails, a derivative UCL claim also fails").

This Motion to Dismiss is based upon this Notice of Motion and Motion to Dismiss the Complaint, the Memorandum of Points and Authorities in Support, and upon such other documents, evidence, and oral argument that may be made in support of this Motion, as this Court may permit.

DATED: July 3, 2024                         JACKSON LEWIS P.C.


By: */s/ Sarah Raoof*
    Nikki L. Wilson
    Sarah Raoof

    Attorneys for Defendant
    NOVA SOUTHEASTERN UNIVERSITY

4884-9620-8076, v. 1