1  Nikki L. Wilson (SBN 218744)
   Sarah Raoof (SBN 329260)
2  JACKSON LEWIS P.C.
   200 Spectrum Center Drive
3  Suite 500
   Irvine, CA 92618
4  Telephone:   (949) 885-1360
   Facsimile:    (949) 885-1380
5  Nikki.Wilson@jacksonlewis.com
   Sarah.Raoof@jacksonlewis.com
6
   Attorneys for Defendant
7  NOVA SOUTHEASTERN UNIVERSITY

8

9                 **UNITED STATES DISTRICT COURT**

10               **SOUTHERN DISTRICT OF CALIFORNIA**

11

12  LINDSEY MACK, an individual,          Case No.: 3:24-cv-1120 CAB VET

13              Plaintiff,                Hon. Cathy Ann Bencivengo, Dep. 15A

14      vs.                               **DEFENDANT NOVA SOUTHEASTERN**
                                          **UNIVERSITY'S MEMORANDUM OF**
15  NOVA SOUTHEASTERN UNIVERSITY,         **POINTS AND AUTHORITIES IN**
    a Private-Nonprofit Corporation;      **SUPPORT OF MOTION TO DISMISS**
16  MICHELLE WOLFMAN, Professor;          **THE COMPLAINT PURSUANT TO**
    DONNA HILLIER, a Program Manager;     **FEDERAL RULE OF CIVL**
17  KAREN GROSBY, Dean; JENNIFER          **PROCEDURE 12(B)(6)**
    WILSON, Director of Disability Services;
18  GEORGE HANBURY, President;            *(Filed concurrently with Notice of Motion*
    BENJAMIN JOHNSON, Chief Judicial      *and Motion and [Proposed] Order)*
19  Officer; RODNEY DORVAL, Case
    Manager; KATIE TENNANT, Case          **Hearing Date: August 9, 2024**
20  Manager; JENNIFER RAMOS, Chief of     **Dept.: 15A**
    Staff; SHARI SAPERSTEIN, Vice
21  President of Student Affairs; DENISE   *PER CHAMBERS RULES, NO ORAL*
    CARRAZCO, Graduate Administrative     *ARGUMENT UNLESS SEPARATELY*
22  Assistant; DANIELLE MILLEN,           *ORDERED BY THE COURT*
    Professor; STEPHANIE AKI, Professor
23                                        Complaint filed:   April 29, 2024
                Defendants.               Trial Date:        Not Set.
24

25

26

27

28

1

2

# TABLE OF CONTENTS

3

I.     INTRODUCTION ................................................................................ 8

4

II.    STATEMENT OF FACTS AND RELEVANT ...................................... 9

5

     A.   Procedural History............................................................... 9

6

     B.   Plaintiff's Factual Allegations............................................ 10

7

III.   LEGAL STANDARD ...................................................................... 14

8

9

IV.   THE COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFF FAILS TO STATE ANY CLAIM UPON WHICH RELIEF MAY BE GRANTED ...................................................................................... 16

10

11

     A.   Plaintiff Fails to State a Claim for Her First Cause of Action for Violation of the Fourteenth Amendment ...................... 16

12

     B.   Plaintiff Fails to State a Claim for Her Second Cause of Action for Violation of Article 1 Section 2(a) ................................. 17

13

14

     C.   Plaintiff Fails to State a Claim for Her Third Cause of Action for Violation of Nova's Nondiscriminatory Policy and General Student Rights Policies.............................................................. 17

15

16

     D.   Plaintiff Fails to State a Claim for Her Fourth Cause of Action for Violation of the Rehabilitation Act .............................. 19

17

     E.   Plaintiff Fails to State a Claim for Her Fifth Cause of Action for Fraud................................................................................ 22

18

19

     F.   Plaintiff Fails to State a Claim for Her Sixth Cause of Action for Administrative Negligence and Lack of Duty of Care. .............. 23

20

     G.   Plaintiff Fails to State a Claim for Her Seventh Cause of Action for Retaliation. ..................................................................... 24

21

22

     H.   Plaintiff Fails to State a Claim for Her Eighth Cause of Action for Willful, Purposeful, and Intentional Infliction of Emotional Distress.......... 25

23

     I.   Plaintiff Fails to State a Claim for Her Ninth Cause of Action for Deceptive Business Practices. .................................................... 26

24

V.    CONCLUSION................................................................................. 27

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS COMPLAINT

CASE NO. 3:24-cv-1120 CAB VET

# TABLE OF AUTHORITIES

**Federal Cases**                                                                     **Page(s)**

*Alex G. v. Board of Trustees*,
   387 F. Supp. 2d 1119 (E.D. Cal. 2005) ........................................................ 23

*Alumni Cruises, LLC v. Carnival Corp.*,
   987 F. Supp. 2d 1290 (S.D. Fla. 2013) ........................................................ 20

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................ 14, 15

*Banga v. Kanios*,
   2016 U.S. Dist. LEXIS 173016, 2016 WL 7230870 (N.D. Cal. 2016) ....................... 16

*Barnes v. Gorman*,
   536 U.S. 181, 122 S. Ct. 2097, 153 L. Ed. 2d 230 (2002) ........................................... 20

*Baughman v. Walt Disney World Co.*,
   685 F.3d 1131 (9th Cir. 2012) ........................................................ 19

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ........................................................................ 14

*Bly-Magee v. California*,
   236 F.3d 1014 (9th Cir. 2001) ........................................................ 21

*Breyer v. Pac. Univ.*,
   U.S. App. LEXIS 25937 (2021) ........................................................ 19

*Burlington N. & Santa Fe Ry. Co. v. White*,
   548 U.S. 53, 126 S. Ct. 2405, 165 L. Ed. 2d 345 (2006) ........................................ 23, 24

*Byra-Grzegorczyk v. Bristol-Myers Squibb Co.*,
   572 F. Supp. 2d 233 (D. Conn. 2008) ........................................................ 17

*Collins v. Nw. Univ.*,
   164 F. Supp. 3d 1071 (N.D. Ill. 2016) ........................................................ 15

*Cousins v. Lockyer*,
   568 F.3d 1063 (9th Cir. 2009) ........................................................ 15

3

*Duvall v. Co. of Kitsap*,
    260 F.3d 1124 (9th Cir. 2001) ................................................................ 18

*Earl v. Mervyns, Inc.*,
    207 F.3d 1361 (11th Cir. 2000) .............................................................. 20

*Esquire v. FedEx Corp.*,
    2023 U.S. Dist. LEXIS 176072 (C.D. Cal. Sep. 28, 2023) ...................... 14

*Ferrera v. Bd. of Gadsden Indep. Sch. Dist.*,
    No. CIV-11-0053-MV-LAM, 2013 U.S. Dist. LEXIS 202596, 2013 WL
    12200525 (D.N.M. Aug. 8, 2013) .......................................................... 17

*Fialka-Feldman v. Oakland Univ. Bd. of Trs.*,
    678 F. Supp. 2d 576 (E.D. Mich. 2009) ................................................. 18

*Galvani v. Galvani*,
    2011 U.S. Dist. LEXIS 102375 (N.D. Cal. Sept. 12, 2011) ..................... 13

*Johnson v. Gambrinus Co./Spoetzl Brewery*,
    116 F.3d 1052 (5th Cir. 1997) ................................................................ 20

*Jones v. George Fox Univ.*,
    No. 3:19-CV-0005-JR, 2021 U.S. Dist. LEXIS 72885, 2021 WL 1414280
    (D. Or. Feb. 3, 2021)......................................................................... 17, 18

*Lorenz v. Sauer*,
    807 F.2d 1509 (9th Cir. 1987) ................................................................ 21

*Mahavongsanan v. Hall*,
    529 F.2d 448 (5th Cir. 1976) .................................................................. 22

*Navarro v. Block*,
    250 F.3d 729 (9th Cir. 2001) ............................................................ 13, 14

*Neilson v. Union Bank of Cal.*,
    290 F. Supp. 2d 1101 (CD. Cal. 2003) ................................................ 7, 21

*Pardi v. Kaiser Found. Hosp.*,
    389 F.3d 840 (9th Cir. 2004) ............................................................ 23, 24

*Pardi v. Kaiser Permanente Hosp.*,
    Inc., 389 F. 3d 840 (9th Cir. 2004) ......................................................... 23

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS COMPLAINT

CASE NO. 3:24-cv-1120 CAB VET

*Regents of the University of Michigan v. Ewing*,
   474 U.S. 214, 225, 106 S. Ct. 507, 88 L. Ed. 2d 523 (1985) ...................................... 19

*Ross v. Sodexo Remote Sites USA, Inc.*,
   2016 U.S. Dist. LEXIS 192892 (C.D. Cal. Dec. 6, 2016) .......................................... 14

*Starr v. Baca*,
   652 F.3d 1202 (9th Cir. 2011) ............................................................................... 15

*Stewart v. Happy Herman's Cheshire Bridge, Inc.*,
   117 F.3d 1278 (11th Cir. 1997) ............................................................................. 20

*Swartz v. KPMG LLP*,
   476 F.3d 756 (9th Cir. 2007) ................................................................................. 21

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ............................................................................... 21

*Wis. Cmty. Servs. v. City of Milwaukee*,
   465 F.3d 737 (7th Cir. 2006) ................................................................................. 18

*Zambrano v. Rite Aid Corp.*,
   2018 U.S. Dist. LEXIS 223154 (C.D. Cal. Dec. 21, 2018) ...................................... 14

**California Cases**

*Aleksick v. 7-Eleven, Inc.*,
   205 Cal. App. 4th 1176 (2012) .......................................................................... 8, 25

*Banks v. Dominican Coll.*,
   35 Cal. App. 4th 1545 (1995) ............................................................................... 23

*Cadlo v. Owens-Illinois, Inc.*,
   125 Cal. App. 4th 513 (2004) ............................................................................... 21

*Degrassi v. Cook*,
   29 Cal. 4th 333 (2002) .......................................................................................... 16

*Hughes v. Pair*,
   46 Cal.4th 1035 (2009) ......................................................................................... 24

*Kashmiri v. Regents of University of California*,
   156 Cal. App. 4th 809 (2007) ............................................................................... 22

*Katzberg v. The Regents of the University of California*,
   29 Cal. 4th 300 (2002) .......................................................................................... 16

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS COMPLAINT

CASE NO. 3:24-cv-1120 CAB VET

*Mintz v. Blue Cross of Cal.*,
   172 Cal.App.4th 1594 (2009) ...................................................................... 24

*Nally v. Grace Cmty. Church of the Valley*,
   47 Cal. 3d 278 (1988) .................................................................................. 24

*Paulsen v. Golden Gate Univ.*,
   25 Cal. 3d 803 (1979) .................................................................................. 22

*Peter W. v. San Francisco Unified Sch. Dist.*,
   60 Cal. App. 3d 814 (1976) ................................................................ 7, 22, 23

I*n re Tobacco II Cases*,
   46 Cal. 4th 298 (2009) ................................................................................ 25

**Other State Cases**

*Cummings v. Premier Rehab Keller, P.L.L.C.*,
   No. 20-219 (April 28, 2022) ...................................................................... 20

*Paladino v. Adelphi Univ.*,
   89 A.D. 2d 85, 454 N.Y.S.2d 868 (1982) .................................................. 22

**Federal Statutes**

29 U.S.C.
   § 794(a) ...................................................................................................... 18

42 U.S.C.
   § 12182(b)(2)(A)(ii) .................................................................................... 19

**California Statutes**

California Business and Professionals Code 17200, et seq. ............................ 25

Rehabilitation Act
   § 502(a) ........................................................................................................ 7
   § 504 ..................................................................................................*passim*
   § 504(a) ...................................................................................................... 18

**Other Authorities**

28 C.F.R. §§ 36.303(a). 36.306 ...................................................................... 19

34 C.F.R. §§ 104.44(a), 104.44(d)(2) ............................................................ 19

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS COMPLAINT

California Constitution Article I § 2(a)..............................................................7, 8, 16

Federal Rules of Civil Procedure Rule 8(a)................................................................14

Federal Rules of Civil Procedure Rule 12(b)(6)......................................................13, 15

U.S. Const. Amendment XIV, § 1 .................................................................................15

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS COMPLAINT

CASE NO. 3:24-cv-1120 CAB VET

1
2

## I.   **INTRODUCTION**

3
4
5
6
7
8
9
10
11
12
13

This matter arises out of Plaintiff Lindsey Mack's ("Plaintiff") enrollment with Defendant Nova Southeastern University ("Nova"), is a private university based in Florida. Since Plaintiff's initial enrollment in Winter 2014, Plaintiff's attendance at Nova has been entirely remote. Plaintiff alleges she requested accommodations during her Winter 2023 enrollment, which she claims were denied. Plaintiff also alleges she was retaliated against for requesting the accommodations. Plaintiff filed this lawsuit against Nova and fourteen (14) of its faculty members and administrators asserting nine causes of actions that include claims of due process violations, retaliation, violation of Nova's anti-discrimination policies, violation of the Rehabilitation Act, fraud, intentional infliction of emotional distress, and deceptive business practices. For the various reasons discussed herein, all of Plaintiff's causes of action fail as a matter of law and should be dismissed.

14
15
16
17
18

Plaintiff's First and Second causes of action are not actionable because Nova is a private university that is not governed by the Due Process Clause of the Fourteenth Amendment and no statutory provisions or common law tort exists that affords Plaintiff the right to seek monetary damages against Defendant under Article I section 2(a) of the California Constitution.

19
20
21

Plaintiff's Third cause of action should be dismissed for failure to state a claim because there is no statute or common law that provides a cause of action for monetary damages against a private university for violation of its own nondiscriminatory policies.

22
23
24
25
26
27

Plaintiff's Fourth and Seventh causes of action should be dismissed for failure to state a claim because Plaintiff has failed to plead what disability she had, what accommodations were requested that were denied, that she was a qualified individual under Section 502(a) of the Rehabilitation Act, or that the accommodations offered by Defendant were unreasonable under the circumstances. Additionally, emotional distress and punitive damages are barred under Section 502.

28

Plaintiff's Fifth cause of action for fraud should be dismissed for failure to state a

8

claim because the allegations in the complaint fail to meet the particularity requirement of Rule 9(b). *Neilson v. Union Bank of Cal.*, 290 F. Supp. 2d 1101, 1141 (CD. Cal. 2003).

Plaintiff's Sixth cause of action should be dismissed for failure to state a claim because setting aside the fact that "administrative negligence," is not a valid cause of action, the allegations equate to a claim of education malpractice, which is not actionable. *Peter W. v. San Francisco Unified Sch. Dist.*, 60 Cal. App. 3d 814, 825 (1976).

Plaintiff's Eighth cause of action should be dismissed for failure to state a claim because the allegations in the Complaint regarding Nova's actions or inaction do not amount to extreme and outrageous conduct.

Plaintiff's Ninth cause of action should be dismissed for failure to state a claim because Plaintiff fails to state a claim for fraud against Defendant. *Aleksick v. 7-Eleven, Inc.* (2012) 205 Cal. App. 4th 1176, 1185 ("[w]hen a statutory claim fails, a derivative UCL claim also fails")

For all these reasons and those stated below, Defendant respectfully requests that the Court dismiss Plaintiff's firth through ninth causes of action without leave to amend.

## II.    <u>STATEMENT OF FACTS AND RELEVANT</u>

### A.    <u>Procedural History</u>

On April 29, 2024, Plaintiff filed her Complaint in pro per in the Superior Court of the State of California, County of San Diego, against Nova and many its faculty members, including defendants Michelle Wolfman (Professor), Donna Hillier (Program Manager), Karen Grosby (Dean), Jennifer Wilson (Director of Disability Services), George Hanbury (President), Benjamin Johnson (Chief Judicial Officer), Rodney Dorval (Case Manager), Katie Tennant (Case Manager), Jennifer Ramos (Chief of Staff), Shari Saperstein (VP of Student Affairs), Brad Williams (Senior VP of Student Affairs), Denise Carrazco (Graduate Administrative Assistant), Daniell Millien (Professor), and Stephanie Akl (Professor). (*See generally* Compl.)

The Complaint asserts the following nine causes of actions against all defendants: (1) Violation of First Amendment, as applied to the states; (2) Violation of Article I,

9

Section 2(a) of California State Constitution; (3) Violation of Nova Southeastern's Nondiscrimination Policy and General Student Rights Policies; (4) Violation of § 504 of the Rehabilitation Act; (5) Fraud; (6) Administrative Negligence and Lack of Duty of Care; (7) Retaliation; (8) Willful, Purposeful, and Intentional Infliction of Emotional Distress; and (9) Deceptive Business Practices. *Id.*

On June 27, 2024, Nova timely removed this action to this Court on the ground of federal question jurisdiction. *See* Dkt. No.1.

## B.   Plaintiff's Factual Allegations

Plaintiff's allegations in the Complaint, are as follows:

Plaintiff began her education remotely with Nova in or around Winter 2014 as a student in the MS English Education program, continued her education in the EdD Educational Leadership program and the MS Math Education program, and is currently attending to her education in the MS Forensic Psychology program. Compl. ¶¶ 9, 15.

Plaintiff is a student with a disability "as defined by the Individuals With Disabilities Education Act ("IDEA") and is entitled to the protections outlined in Section 504 of the Rehabilitation Act.[1]" *Id*. at ¶ 11.)

In January 2023, while enrolled in the Winter 2023 term at Nova taking PSY 901 with Dr. Gretchen Moy ("Professor Moy"), Plaintiff inquired as to why her "previously approved disability accommodations[2] of over eight years were not being implemented by the professor and her grades and mental health were being affected by it." *Id*. at ¶ 16.

On January 15, 2023, Plaintiff reached out the Office of Disability Services ("Disability Office") to request they notify Professor Moy of her said accommodations, which they did. *Id*. at ¶ 17. When Plaintiff reached out to Professor Moy to determine why her accommodations were not being implemented, Professor Moy told Plaintiff she was not in agreeance with the accommodation provided to Plaintiff and was working with the Office of Disability Services to determine accommodations that would work best for

---

[1] However, Plaintiff does not identity in the Complaint, exactly what her disability is.
[2] Plaintiff never identifies what these "existing" accommodations were.

Plaintiff and the program. *Id*. at ¶ 19. Plaintiff rejected Professor Moy's request that Plaintiff meet with her and the Teaching Assistant to discuss Plaintiff's accommodations and amendments because she felt it was inappropriate for any professor to attempt to have that conversation with a student. *Id*. at ¶ 19.

Thereafter, Plaintiff contacted the Disability Office to inform them of Dr's Moy's refusal to implement her "approved accommodations." *Id*. at ¶ 21.

On February 13, 2023, Plaintiff received a phone call from Kelly Morrison, the Case Manager, confirming she would meet with Dr. Wilson to discuss Plaintiff's concerns regarding Professor Moy. *Id*. at ¶ 22.

On February 14, 2023, Ms. Morrison informed Plaintiff that Dr. Wilson had instructed her to let Plaintiff know her accommodations had been changed, effective immediately, from "late assignments can be submitted up until the last day of call" to "3 days extra time on late assignments." *Id*. at ¶ 22. When Plaintiff inquired on how this decision was made and why she was not part of the discussion, Ms. Morrison told Plaintiff she would have to ask Dr. Wilson and that she would have Dr. Wilson call Plaintiff. *Id*. at ¶ 22.

On March 3, 2023, Dr. Shari Saperstein ("Dr. Saperstein"), the VP of Student Affairs, conducted a phone call with Plaintiff and followed up with another call on March 6, 2023. *Id*. at ¶ 25.

On March 14, 2023, a Zoom call occurred involving Plaintiff, Dr. Saperstein, and Dr. Wilson, wherein Dr. Wilson explained to Plaintiff she had made the decision to change Plaintiff's accommodations based on collaboration with Professor Moy. *Id*. at ¶ 26. Plaintiff alleges Dr. Wilson "provided no explanation or evidence as to why this change was made" and "was unable to explain how she engaged in the "interactive process" with Plaintiff if no previous discussion between the two had taken place." *Id*. at ¶ 26. During the same call, Plaintiff also notified Dr. Saperstein and Dr. Wilson that "two of the accommodations, as written, required her as a student to have a conversation with her professor(s) in order to use the accommodation," to which Dr. Wilson notified Plaintiff

11

that it is common practice to require students to negotiate their accommodation with professors. *Id*. at ¶ 31.

Plaintiff also asked Dr. Wilson to provide her with "an explanation on which "course learning outcome" would not be met by her continuing to have the same four accommodations that I have always had." *Id*. at ¶ 35. Plaintiff alleges Dr. Wilson was unable to answer her question directly since she did not have her notes or Plaintiff's file with her. *Id*. at ¶ 35. At the end of the conference, Plaintiff was told by Dr. Wilson that "moving forward, our office will review these accommodations on a course-by-course basis as part of the interactive process with the Program Director." *Id*. at ¶ 41. Dr. Wilson also told Plaintiff to notify her office by email for any course Plaintiff wanted the school to review the accommodation for when Plaintiff registers for a new semester or during the first week of each semester. *Id*. at ¶ 41.

That night, Plaintiff sent an email to Dr. Wilson and Dr. Saperstein to summarize their conversation while outlining all the federal laws and violations Plaintiff believed were occurring with her accommodations, demanding they be fixed. *Id*. at ¶ 42.

On March 15, 2023, Plaintiff received an email from Dr. Saperstein and Dr. Wilson notifying Plaintiff hat the scheduled March 16, 2023, follow-up Zoom call had been cancelled, and that Plaintiff's only option for next step resolution was to file an Accommodations Appeal with Dr. Benjamin Johnson ("Dr. Johnson") in the Student Services Department. *Id*. at ¶ 43.

On March 16, 2023, Plaintiff contacted Dr. Johnson to file the Accommodations Appeal and notified him she would be making a separate Formal Complaint for inappropriate conduct and disability discrimination of both Dr. Wilson and Dr. Saperstein. *Id*. at ¶ 43. Dr. Johnson conducted a phone call with Plaintiff to discuss her concerns and contacted his boss, Senior Vice President of Student Affairs, Dr. Brad Williams ("Dr. Williams") "to start the process of addressing Plaintiff's formal complaint regarding the behavior of [Dr. Wilson] and [Dr. Saperstein] over the previous weeks." Plaintiff alleges her request for an Accommodations Appeal hearing was ignored by Dr. Johnson.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS COMPLAINT

CASE NO. 3:24-cv-1120 CAB VET

(Complaint, 44.) Plaintiff also alleges at that point, she had concluded the Winter 2023 term without her professor adhering to her accommodations. *Id*. at ¶ 44.

A few days later, Dr. Williams called Plaintiff to discuss her concerns and indicated he would investigate Plaintiff's claims. *Id*. at ¶ 45.

On April 12, 2023, Plaintiff received an email from Dr. Saperstein notifying her that Dr. Williams had appointed her to serve as an independent agent regarding the concerns Plaintiff discussed with Dr. Williams. *Id*. at ¶ 46. Dr. Saperstein indicated that after a thorough investigation, she found Dr. Wilson and herself had followed all appropriate policies and procedures to assist Plaintiff in accessing the appropriate accommodations. *Id*.

Weeks later, Plaintiff contacted Dr. Williams and copied Dr. Saperstein to inquire why the "independent investigator" of her complaint was one of the two people she had complained about. *Id*. at ¶ 47. Plaintiff also asked for Dr. Saperstein's investigative report that was "required to be written and presented per university policy." *Id*. Dr. Saperstein responded to Plaintiff's email indicating no such report existed. *Id*.

Plaintiff alleges that thereafter, Dr. Saperstein and Dr. Williams did not return her calls or emails. *Id*. Plaintiff also alleges her emails and phone calls to Dr. Johnson, Dr. Wilson, the Disability Office and Denise Carrazco (the Graduate Administrative Assistant) also went ignored. *Id*. at ¶ 48.

On July 20, 2023, a Zoom conference took place involving Plaintiff, Dr. Wilson, and Katie Tennant, the Case Manager for Undergraduate Program. *Id*. at ¶ 49. During this conference, in addition to discussing her issues with the accommodations, Plaintiff requested two additional accommodations to be implemented immediately. (Complaint, ¶ 50) Dr. Wilson suggested she would get back to Plaintiff regarding her decision and whether she would approve the accommodations. *Id*. at ¶ 50. When Plaintiff requested the decision be made immediately, Dr. Wilson indicated she would review the request as quick as possible. *Id*.

After six weeks of not hearing back from Dr. Wilson, Plaintiff emailed Ms. Tennant and Dr. Wilson copying the Dean, Dr. Johnson, and Dr. Saperstein informing them they

13

were in violation of ADA laws and that Plaintiff's needs were not being met. *Id*. at ¶ 50. Plaintiff alleges her emails and phone calls went unanswered from all parties and she had been well within the Summer 2023 term without receiving proper disability accommodation. (*Id*.)

At the Accommodations Appeal hearing, Plaintiff showed case law to the panel of all the ways in which her accommodations were breaking federal law. *Id*. at ¶ 51. The following week, Dr. Johnson informed Plaintiff via email that they would clarify the language of the accommodations provided. Plaintiff alleges Dr. Wilson "simply took the previous accommodations that were written in paragraph format and formatted the same exact language using bullet points." *Id*. Thereafter, Plaintiff attempted to reach Dr. Johnson but has not received a response. *Id*. at ¶ 52.

In or around August 2023, Plaintiff spoke to Jennifer Ramos of the Office of the President, George Hanbury, before the Fall 2023 term was to begin. *Id*. at ¶ 53. Ms. Ramos indicated she would reach out to the parties that were involved for clarity on the issues. *Id*. The next day, Ramos notified Plaintiff she had spoken to Dr. Wilson who would be in immediate contact with Plaintiff to follow up on her unanswered questions. *Id*. at ¶ 54) Plaintiff alleges that since then, no one has answered her "hundreds of emails, phone calls and voicemails," and that she "continues to go without accommodations for four terms." *Id*.

On September 29, 2023, Plaintiff received an email from Dr. Saperstein, stating, "[T]he University stands by the language of the approved accommodation letter as currently written. As this and the matters detailed in my previous email have already been addressed, the University will no longer entertain communication on these specific concerns and will not be responding to further communications regarding these matters." *Id*. at 55.

## III.   **LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") tests the legal sufficiency of the claims stated in the complaint. *Navarro v. Block*,

14

250 F.3d 729, 732 (9th Cir. 2001); *Galvani v. Galvani*, 2011 U.S. Dist. LEXIS 102375, at *4 (N.D. Cal. Sept. 12, 2011). Although Rule 8 requires that a pleading must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," a complaint must be dismissed under Rule 12(b)(6) if the complaint fails to provide "enough facts to state a claim for relief that is plausible on its face." FRCP 8(a); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plausibility does not mean probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Thus, the Rule 8 requirement for stating a claim for relief "***demands more than an unadorned, the-defendant-unlawfully-harmed me accusation***." *Ashcroft*, 556 U.S. at 678; *see also Esquire v. FedEx Corp.*, 2023 U.S. Dist. LEXIS 176072, at *5 (C.D. Cal. Sep. 28, 2023) (granting motion to dismiss and ruling "[a]lthough Plaintiff lists thirty-three legal claims in the [First Amended Complaint ("FAC")], he provides little to no facts about what happened, how each Defendant was involved, and how that conduct supports each of his legal claims, as required under the Federal Rules. Without more factual allegations, the FAC does not give Defendants fair notice of each of the claims against them.") (emphasis added); *Zambrano v. Rite Aid Corp.*, 2018 U.S. Dist. LEXIS 223154, at *12 (C.D. Cal. Dec. 21, 2018) (granting motion to dismiss because "Plaintiff offers only a conclusory allegation that Plaintiff suffered from a disability because Plaintiff's slip and fall 'limited Plaintiff's ability to perform the major life activity of working.'….Plaintiff argues in opposition that she does not need to plead detailed factual allegations. Plaintiff offers no case law suggesting that she need not plead the nature of her disability. Moreover, the bare allegation of a disability is inconsistent with both the letter and spirit of *Twombly* and *Iqbal*."); *Ross v. Sodexo Remote Sites USA, Inc.*, 2016 U.S. Dist. LEXIS 192892, at *18 (C.D. Cal. Dec. 6, 2016) ("***A bare allegation that Plaintiff believes the harassment occurred on the basis of race is simply not sufficient to meet***

15

1     *the Twombly/Iqbal standard. Accordingly, Plaintiff fails to allege sufficient facts to state*
2     *a claim for racial harassment under FEHA*.").

3          In ruling on a motion to dismiss, the court accepts as true the material facts alleged
4 in the complaint together with all reasonable inferences drawn from those facts. *Navarro*,
5 250 F.3d at 732. However, "the tenet that a court must accept a complaint's allegations as
6 true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere
7 conclusory statements." *Ashcroft*, 556 U.S. at 678. "[C]onclusory allegations of law and
8 unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v.*
9 *Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). "A pleading that offers 'labels and
10 conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"
11 *Ashcroft*, 556 U.S. at 678. "Nor does a complaint suffice if it tenders 'naked assertion[s]'
12 devoid of 'further factual enhancement.'" *Id*. To be entitled to the presumption of truth, a
13 complaint's allegations "must contain sufficient allegations of underlying facts to give fair
14 notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652
15 F.3d 1202, 1216 (9th Cir. 2011).

16          Here, in addition to vague and ambiguous statements about Plaintiff's disability and
17 requested accommodations, Plaintiff has not alleged more than an "*unadorned, the-*
18 *defendant-unlawfully-harmed me accusation*" with respect to each defendant, which were
19 determined to be insufficient in *Ashcroft* and should not be sufficient here.

20          Thus, the Court should dismiss Plaintiff's first through ninth causes of action without
21 leave to amend.

22 **IV.    THE COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFF FAILS**
23        **TO STATE ANY CLAIM UPON WHICH RELIEF MAY BE GRANTED**

24       **A.    Plaintiff Fails to State a Claim for Her First Cause of Action for Violation**
25          **of the Fourteenth Amendment**

26          The Due Process Clause of the Fourteenth Amendment provides that "[n]o State
27 shall . . . deprive any person of life, liberty or property, without due process of law." U.S.
28 Const. amend. XIV, § 1. The Fourteenth Amendment, by its terms, limits discrimination

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS COMPLAINT

                   CASE NO. 3:24-cv-1120 CAB VET

only by governmental entities, not by private parties.

Here, Nova is a private university *not* governed by the Due Process clause of the Fourteenth Amendment. S*ee Collins v. Nw. Univ.*, 164 F. Supp. 3d 1071, 1076 (N.D. Ill. 2016). Therefore, the Complaint fails to state facts to support a viable cause of action for Violation of the Fourteenth Amendment.

**B.** **Plaintiff Fails to State a Claim for Her Second Cause of Action for Violation of Article 1 Section 2(a)**

Article 1 Section 2(a) of the California constitution states: "Every person may freely speak, write and publish his or her sentiments on all subjects, being responsible for the abuse of this right. A law may not restrain or abridge liberty of speech or press." However, an individual cannot bring an action for monetary damages on the basis of an alleged violation of a provision of the California Constitution, **in the absence of a statutory provision or established common law tort authorizing such a remedy**. See *Katzberg v. The Regents of the University of California*, 29 Cal. 4th 300 (2002); *Degrassi v. Cook*, 29 Cal. 4th 333, 342 (2002).

Here, no such statutory provisions or common law tort exists. Article I, section 2(a) does not afford a right to seek money damages against a private university in the circumstances presented. Thus, the Complaint fails to state a claim upon which relief can be granted under this Section.

**C.** **Plaintiff Fails to State a Claim for Her Third Cause of Action for Violation of Nova's Nondiscriminatory Policy and General Student Rights Policies**

There is no statute or common law that provides a cause of action for monetary damages against a private university for violation of its own nondiscriminatory policies. To the extent Plaintiff is claiming breach of contract by Nova, Courts within the Ninth Circuit have held that whether or not school guidelines, such as a code of conduct or student handbook, constitute a contract depends on its specific language. *See e.g.*, *Banga v. Kanios*, 2016 U.S. Dist. LEXIS 173016, 2016 WL 7230870 (N.D. Cal. 2016) (dismissing breach

17

of contract claim because plaintiff failed to produce any language suggesting that handbook was binding). While Plaintiff references the Student Handbook, Plaintiff does not allege the existence of language in the handbook that makes it binding on Nova. Even assuming the handbook constitutes a contract, Plaintiff has not alleged any plausible breach by Nova.

Further, many jurisdictions have held that plaintiffs cannot bring a breach of contract claim based solely on a violation of an anti-discrimination policy. *See, e.g., Jones v. George Fox Univ.*, No. 3:19-CV-0005-JR, 2021 U.S. Dist. LEXIS 72885, 2021 WL 1414280, at *7 (D. Or. Feb. 3, 2021), *report and recommendation adopted*, No. 3:19-CV-00005-JR, 2021 U.S. Dist. LEXIS 72139, 2021 WL 1414202 (D. Or. Apr. 14, 2021) (explaining that a plaintiff "may seek a remedy for any alleged discrimination or retaliation under state and federal laws prohibiting discrimination, but she may not seek redress through a breach of contract claim"); *Ferrera v. Bd. of Gadsden Indep. Sch. Dist.*, No. CIV-11-0053-MV-LAM, 2013 U.S. Dist. LEXIS 202596, 2013 WL 12200525, at *3 (D.N.M. Aug. 8, 2013) (holding that the "failure to comply with the ADA or the FMLA cannot provide a basis for [a] breach of contract claim"); *Byra-Grzegorczyk v. Bristol-Myers Squibb Co.*, 572 F. Supp. 2d 233, 254 (D. Conn. 2008) (recognizing that an "anti-discrimination policy" does not indicate that an employer is undertaking any contractual obligations toward the employee; rather it requires the employer "to comply with federal and state anti-discrimination laws").

For instance, in *Jones*, the plaintiff, a student of George Fox University, sued the college for disability discrimination in violation of the ADA, retaliation, breach of contract, and breach of the duty of good faith and fair dealing. 2021 U.S. Dist. LEXIS 72885, 2021 WL 1414280, at *1. There, the university's graduate catalogue and student life policy contained a non-discrimination provision. 2021 U.S. Dist. LEXIS 72885, [WL] at *5. The plaintiff based her breach of contract claim exclusively on the argument that the university violated this nondiscrimination provision. 2021 U.S. Dist. LEXIS 72885, [WL] at *7. The court explained that under Oregon law, the student-college relationship is treated as contractual, and terms within a university handbook or course catalogue may be

18

enforceable depending on the circumstances. *Id.* In granting the university summary judgment, the court reasoned:

> [The] plaintiff attributes these actions to discriminatory and retaliatory motives in breach of an anti-discrimination contract provision that does not exist or at least does not bind the University. This is not to say that the University is free to discriminate or retaliate against plaintiff as it is still bound by laws prohibiting such conduct and indeed the Handbook confirms as much. Plaintiff may seek a remedy for any alleged discrimination or retaliation under state and federal laws prohibiting discrimination, but she may not seek redress through a breach of contract claim.

*Id.*

The circumstances in this case are similar. Plaintiff alleges Nova violated its Nondiscrimination Policy and General Student Right Policies in the Student Handbook. (*See* Doc. ¶¶ 77 - 79.) However, because the nondiscrimination provisions are the exclusive basis for this claim, the Third Cause of Action should also be dismissed for failure to state a claim.

### D. <u>Plaintiff Fails to State a Claim for Her Fourth Cause of Action for Violation of the Rehabilitation Act</u>

Section 504(a) of the Rehabilitation Act provides: "No otherwise qualified individual with a disability in the United States . . . shall solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance..." 29 U.S.C. § 794(a). To prevail on a claim under Section 504, a plaintiff must demonstrate (1) she is an individual with a disability; (2) she is otherwise qualified to receive the benefit at issue; (3) she was excluded from or denied the benefits of the program solely on the basis of her disability; and (4) the program receives federal financial assistance. *Duvall v. Co. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001).

Section 504 does not require accommodations "***beyond*** those necessary to eliminate discrimination against otherwise qualified individuals." *Davis*, 442 U.S. at 410 (emphasis added). Section 504 requires only those accommodations that are necessary to ameliorate

a disability's effect of preventing meaningful access to the benefits of, or participation in, the program at issue. *Wis. Cmty. Servs. v. City of Milwaukee*, 465 F.3d 737, 748 (7th Cir. 2006) (en banc); *Fialka-Feldman v. Oakland Univ. Bd. of Trs.*, 678 F. Supp. 2d 576, 583 (E.D. Mich. 2009); *see also Schwarz*, 544 F.3d at 1220, 1226 (applying analogous "necessity" analysis in Fair Housing Act case and noting that reasonable-accommodation analysis under FHA is same as under Rehabilitation Act). As provided in *Breyer v. Pac. Univ.*, 2021 U.S. App. LEXIS 25937, *6, "[a] university is only required to make reasonable accommodations, *Baughman v. Walt Disney World Co.*, 685 F.3d 1131, 1135 (9th Cir. 2012), and is not required to make fundamental or substantial modifications to its programs for a student with disabilities, *Bird*, 303 F.3d at 1020 (citing *Alexander v. Choate*, 469 U.S. 287, 300, 105 S. Ct. 712, 83 L. Ed. 2d 661 (1985)). *See also* 42 U.S.C. § 12182(b)(2)(A)(ii); 34 C.F.R. §§ 104.44(a), 104.44(d)(2); 28 C.F.R. §§ 36.303(a). 36.306."

In *Regents of the University of Michigan v. Ewing* ("Ewing"), the Supreme Court held that judges should show "great respect" for a faculty's professional judgment when reviewing a genuinely academic decision and "may not override it unless it is such a substantial departure from accepted academic norms as to demonstrate that the person or committee responsible did not actually exercise professional judgment." 474 U.S. 214, 225, 106 S. Ct. 507, 88 L. Ed. 2d 523 (1985) (footnote omitted) (emphasis added). While *Ewing* was a due process case, the Court's reasoning in its discussion of judicial review of academic decisions is adaptable to other contexts. The factors motivating the Court's reasoning— principles of academic freedom and the courts' lack of expertise to evaluate academic decisions—are not tethered to the due process context. *See id*. at 226-27 & n.12.

Additionally, a plaintiff cannot recover monetary damages under Section 504 unless the defendant engaged in *intentional* discrimination. *Id* at 1138. A plaintiff must establish intentional discrimination bydemonstrating the defendant acted with deliberate indifference, which requires both "knowledge that a harm to a federally protected right is substantially likely, and a failure to act on that likelihood." *Id*. at 1139 (citing *City of*

20

*Canton v. Harris*, 489 U.S. 378, 389, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1988)).

The facts pled in the Complaint do not even suggest what Plaintiff's disability is and whether she could have met the essential requirements if afforded reasonable accommodations. It is not the Court's obligation to speculate as to what reasonable accommodation would allow Plaintiff to succeed in the program and/or her classes. Rather, Plaintiff has the burden of identifying such an accommodation. *Earl v. Mervyns, Inc.*, 207 F.3d 1361, 1367 (11th Cir. 2000) (per curiam); *see also Johnson v. Gambrinus Co./Spoetzl Brewery*, 116 F.3d 1052, 1059 (5th Cir. 1997) ("The plaintiff has the burden of proving that a modification was requested and that the requested modification is reasonable."); *Alumni Cruises, LLC v. Carnival Corp.*, 987 F. Supp. 2d 1290, 1305 (S.D. Fla. 2013) (Rosenbaum, J.) (same). Further, **Plaintiff is entitled to only a reasonable accommodation and not necessarily the accommodation of her choice**. *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285-86 (11th Cir. 1997).

The Complaint also fails to identify or describe the accommodations that were in fact requested and denied, whether the accommodations requested were reasonable, and why the accommodation(s) offered by Nova were unreasonable. As provided above, Nova is not required to implement any accommodation of Plaintiff's choosing. Plaintiff admits Professor Moy wanted to meet with Plaintiff and the Teaching Assistant to discuss Plaintiff's accommodations and amendments that would be appropriate for his class. Professor Moh was the best person to determine what accommodations could be afforded to Plaintiff, based on her disability, that were suitable for his class. However, Plaintiff rejected Professor Moy's request because it appears that Plaintiff wanted only the accommodations of *her* choice, and Plaintiff was going to get every faculty member of the school involved until she got what she wanted. Further, Nova offered accommodations to Plaintiff; the fact that they were not to Plaintiff's liking or satisfaction does not mean Nova engaged in intentional discrimination.

Finally, even if intentional discrimination can be established, punitive damages are not an available remedy under Section 504. *Barnes v. Gorman*, 536 U.S. 181, 189, 122 S.

21

Ct. 2097, 153 L. Ed. 2d 230 (2002). The United States Supreme Court has also ruled that emotional distress damages are barred under Section 504. *Cummings v. Premier Rehab Keller, P.L.L.C*., No. 20-219 (April 28, 2022).

Based on the foregoing, the Complaint fails to state a cause of action for Violation of the Rehabilitation Act and the requests for punitive and emotional distress damages under this claim, are improper.

### E.   Plaintiff Fails to State a Claim for Her Fifth Cause of Action for Fraud.

The elements of a claim for fraud are: "(1) a misrepresentation, which includes a concealment or nondisclosure; (2) knowledge of the falsity of the misrepresentation, i.e., scienter; (3) intent to induce reliance on the misrepresentation; (4) justifiable reliance; and (5) resulting damages." *Cadlo v. Owens-Illinois, Inc.*, 125 Cal. App. 4th 513 (2004) (citing *Small v. Fritz Cos., Inc.*, 30 Cal. 4th 167 (2003)). "The same elements comprise a cause of action for negligent misrepresentation, except there is no requirement of intent to induce reliance. . . . *Id.*

"It is well-established in the Ninth Circuit that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirement." *Neilson v. Union Bank of Cal.*, 290 F. Supp. 2d 1101, 1141 (CD. Cal. 2003); *see also Lorenz v. Sauer*, 807 F.2d 1509, 1511-12 (9th Cir. 1987) ("Under California law, negligent misrepresentation is a species of actual fraud…"). Rule 9(b) requires that a complaint "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) "requires . . . an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quotation omitted); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (averments of fraud must be accompanied by "the who, what, when, where, and how of the misconduct charged") (quotation omitted). "To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-*

22

*Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (citations and quotations omitted).

The Complaint alleges Nova "committed fraud on or about January 2023 and continues to do so as of the date of this filing." (Complaint, ¶105.) The Complaint further alleges Nova's "failures to provide in actuality the offered assurances and promises regarding their educational program, professor qualifications, teaching methods, deceptive grading practices, availability to [sic] professors for extra assistance, and support for students with disabilities meets the legal definition of fraud." (Complaint, ¶107.) However, these allegations do not meet the specificity requirement of Rule 9(b). There are no allegations regarding *what* specific misrepresentations were made, *when* they were made, and by *whom* they were made by.

Further, statements regarding the quality of academic advising or the quality of education are not actionable representations of fact for purposes of fraud or misrepresentation. *See Kashmiri v. Regents of University of California*, 156 Cal. App. 4th 809, 826 (2007) ("general promises or expectations" are not actionable under California's educational malpractice doctrine).

Thus, the Complaint also fails to state a claim for fraud or misrepresentation.

## F.  Plaintiff Fails to State a Claim for Her Sixth Cause of Action for Administrative Negligence and Lack of Duty of Care.

Setting aside the fact that "Administrative Negligence," is not a valid cause of action, universities are entitled to some leeway in modifying their programs from time to time to exercise their educational responsibility properly. *Mahavongsanan v. Hall*, 529 F.2d 448, 450 (5th Cir. 1976). Courts across the country have uniformly refused, based on public policy considerations, and under the educational malpractice doctrine, "to enter the classroom to determine claims based upon educational malpractice." *Paladino v. Adelphi Univ.*, 89 A.D. 2d 85, 87, 454 N.Y.S.2d 868 (1982) (citations omitted); *see also Peter W. v. San Francisco Unified Sch. Dist.*, 60 Cal. App. 3d 814, 825 (1976) (refusing to recognize a cause of action for education malpractice); *Paulsen v. Golden Gate Univ.*, 25 Cal. 3d 803,

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS COMPLAINT

CASE NO. 3:24-cv-1120 CAB VET

808 (1979) ("There is a widely accepted rule of judicial nonintervention into the academic affairs of schools.").

In *Peter W.*, an 18—year—old former public-school student, who graduated high school with a fifth-grade reading level, sued his school district for failure to provide an adequate education. The California Court of Appeal concluded that the complaint failed to allege a breach of a duty the law would recognize, noting that "classroom methodology affords no readily acceptable standards of care, or cause, or injury." *Peter W.*, 60 Cal. App. 3d at 824. The court recognized the difficulties of assessing the wrongs and injuries involved, the lack of a workable rule of care against which a school district's conduct may be measured, and the incalculable burden which would be imposed on public school systems. As such, California courts do not intervene in the academic affairs of schools absent "such a substantial departure from accepted academic norms as to demonstrate that the person or committee responsible did not actually exercise professional judgment." *Banks v. Dominican Coll.*, 35 Cal. App. 4th 1545, 1551 (1995).

Here, the Complaint's conclusory allegations that Nova breached its duty of care to Plaintiff because its employees did not have the "knowledge, skills, ability and/or desire to uphold their responsibility" to Plaintiff (Complaint, para. 121), equate to a claim of "educational malpractice," which, as stated above, is not actionable. Thus, Plaintiff's Sixth Cause of Action is also subject to dismissal for failure to state a claim.

## G.   Plaintiff Fails to State a Claim for Her Seventh Cause of Action for Retaliation.

To establish a prima facie claim of retaliation under the ADA and/or Section 504, Plaintiff must show that: (1) she engaged in a protected activity; (2) Nova knew she was involved in a protected activity; (3) an adverse action was taken against her; and (4) a causal connection exists between the protected activity and the adverse action. *Pardi v. Kaiser Permanente Hosp*. Inc., 389 F.3d 840, 849 (9th Cir. 2004); *Alex G. v. Board of Trustees*, 387 F. Supp. 2d 1119, 1128 (E.D. Cal. 2005).

An adverse action is any action "reasonably likely to deter [individuals] from

24

engaging in protected activity." *Pardi v. Kaiser Found. Hosp.*, 389 F.3d 840, 850 (9th Cir. 2004); *see also Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68, 126 S. Ct. 2405, 165 L. Ed. 2d 345 (2006). Adverse actions include, among other things, tolerating harassment, depriving a person of available support services, and requiring an individual to go through unnecessary hoops. *See Ray*, 217 F.3d at 1241-42 (outlining cases finding adverse actions).

The facts alleged in the Complaint do not demonstrate any adverse action taken against Plaintiff by Nova. The facts alleged do not indicate that Plaintiff was deterred from doing or saying anything to anyone at the university. As alleged, University faculty members initiated and engaged in numerous meetings and discussions with Plaintiff to discuss her requested accommodations. There is no evidence the University unreasonably failed to respond to her ongoing complaints about not getting the accommodations she wanted. *See White*, 548 U.S. at 57; *Pardi*, 389 F.3d at 850. Dr. Saperstein indicated on September 29, 2023, that the University stood by the language of the approved accommodation letter it provided to Plaintiff and that had addressed all matters raised by Plaintiff. (Complaint, ¶ 56.) Finally, Plaintiff continued her enrollment at the school, at least through four terms, despite her allegation that "continue[d] to go without accommodations..." (Complaint, ¶ ¶ 54, 57.) Thus, she was not excluded from or denied the benefits of the program solely on the basis of her disability, nor was she retaliated against by Nova in response to her complaints.

## H.   Plaintiff Fails to State a Claim for Her Eighth Cause of Action for Willful, Purposeful, and Intentional Infliction of Emotional Distress.

The elements of an Intentional Infliction of Emotional Distress ("IIED") claim are: (1) defendant's outrageous conduct; (2) defendant's intention to cause, or reckless disregard of the probability of causing, emotional distress; (3) plaintiff's suffering severe or extreme emotional distress; and (4) an actual and proximate causal link between the tortious (outrageous) conduct and the emotional distress. *Nally v. Grace Cmty. Church of the Valley*, 47 Cal. 3d 278, 300 (1988). A defendant's conduct is "outrageous" when it is

25

so "extreme as to exceed all bounds of that usually tolerated in a civilized community." *Hughes v. Pair*, 46 Cal.4th 1035, 1050-51 (2009) (internal quotations and citations omitted); *Mintz v. Blue Cross of Cal.*, 172 Cal.App.4th 1594, 1609 (2009) (noting that conduct in support of an IIED claim must be "extreme, outrageous, beyond the bounds of decency, atrocious, or intolerable in a civilized society").

The Complaint neglects to identify the specific conduct on part of Nova that was extreme and outrageous. The Complaint also fails to allege with specificity the actions of *each* of the fourteen individuals the claim is being asserted against, that amounts to extreme and outrageous conduct. The allegations asserted simply do not reflect conduct that was an "extraordinary transgression of the bounds of socially tolerable conduct" or "outrageous in the extreme" so as to support liability. Accordingly, the Complaint also fails to state a valid claim of IIED.

## I.   Plaintiff Fails to State a Claim for Her Ninth Cause of Action for Deceptive Business Practices.

Finally, Plaintiff is also not entitled to any relief under California's Unfair Competition Law ("UCL"). The UCL's "larger purpose" is "protecting the general public against unscrupulous business practices," and courts must construe it accordingly. I*n re Tobacco II Cases*, 46 Cal. 4th 298, 312 (2009). Additionally, "[w]hen a statutory claim fails, a derivative UCL claim also fails." *Aleksick v. 7-Eleven, Inc*. (2012) 205 Cal. App. 4th 1176, 1185.

Here, the Complaint alleges Nova "violated and continues to violate California Business and Professionals Code 17200, et seq., *by misrepresenting the quality of their educational program, level of knowledge and expertise of their professors, and the educational benefit of their courses*." (Complaint, para. 160.) However, the Complaint fails to allege what specific misrepresentations were made, how they were made, and by whom. As provided above, since the Complaint fails to state a claim for fraud, Plaintiff's UCL claim also fails.

/ / /

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS COMPLAINT

CASE NO. 3:24-cv-1120 CAB VET

**V.    CONCLUSION**

For the foregoing reasons, Defendant submits that Plaintiff's Complaint fails to state a claim upon which can be granted. Accordingly, Defendant respectfully requests that the present Motion to Dismiss be granted, and the Complaint dismissed, with prejudice.

DATED:  July 3, 2024                              JACKSON LEWIS P.C.

                                                  By: */s/ Sarah Raoof*
                                                      Nikki L. Wilson
                                                      Sarah Raoof

                                                  Attorneys for Defendant
                                                  NOVA SOUTHEASTERN UNIVERSITY

4893-3506-8876, v. 3

27