Nikki L. Wilson (SBN 218744)
Sarah Raoof (SBN 329260)
JACKSON LEWIS P.C.
200 Spectrum Center Drive
Suite 500
Irvine, CA 92618
Telephone:   (949) 885-1360
Facsimile:   (949) 885-1380
Nikki.Wilson@jacksonlewis.com
Sarah.Raoof@jacksonlewis.com

Attorneys for Defendant
NOVA SOUTHEASTERN UNIVERSITY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDSEY MACK, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>NOVA SOUTHEASTERN UNIVERSITY, a Private-Nonprofit Corporation; MICHELLE WOLFMAN, Professor; DONNA HILLIER, a Program Manager; KAREN GROSBY, Dean; JENNIFER WILSON, Director of Disability Services; GEORGE HANBURY, President; BENJAMIN JOHNSON, Chief Judicial Officer; RODNEY DORVAL, Case Manager; KATIE TENNANT, Case Manager; JENNIFER RAMOS, Chief of Staff; SHARI SAPERSTEIN, Vice President of Student Affairs; DENISE CARRAZCO, Graduate Administrative Assistant; DANIELLE MILLEN, Professor; STEPHANIE AKI, Professor<br><br>Defendants. | Case No.: 3:24-cv-1120 CAB VET<br><br>Hon. Cathy Ann Bencivengo, Dep. 15A<br><br>**NOTICE OF NON-OPPOSITION BY PLAINTIFF TO DEFENDANT'S MOTION TO STRIKE PORTIONS OF THE COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(f)**<br><br>**Hearing Date: August 9, 2024**<br>**Dept.: 15A**<br><br>*PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT*<br><br>Complaint filed:   April 29, 2024<br>Trial Date:         Not Set. |

/ / /

## NOTICE OF PLAINTIFF'S NON-OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PORTIONS OF THE COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(f)

Defendant, Nova Southeastern University's ("Defendant") Motion to Strike Portions of Plaintiff Lindsey Mack's ("Plaintiff) Complaint Pursuant to Fed. R. Civ. P. 12(f) ("Motion") was filed on July 3, 2024, and set a hearing date (for briefing purposes only) of August 9, 2024.

Civil Local Rule 7.1.e.2 requires a party opposing a motion to file an opposition or statement of non-opposition no later than fourteen calendar days before the noticed hearing. Thus, based on the hearing date of August 9, 2024, Plaintiff was required to file and serve her Opposition by July 26, 2024.

As of the date of this Notice, no opposition brief has been filed or served.

Under the local rules, Plaintiff's failure to oppose "may constitute a consent to the granting of [the] motion." *See* Civ. L.R. 7.1.f.3.c. District courts have broad discretion to enact and apply local rules, including dismissal of a case for failure to comply with the local rules. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming grant of an unopposed motion to dismiss under local rule by deeming a pro se litigant's failure to oppose as consent to granting the motion). Before dismissing an action for failure to comply with local rules, the district court "weigh[s] several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Here, the *Ghazali* factors support granting the motion based on the lack of opposition because Plaintiff's failure to oppose the motion indicates that Plaintiff has abandoned this lawsuit and consents to dismissal of the claims at issue. The public's interest in expeditious resolution of litigation, the court's need to manage its docket, the risk of prejudice to Defendant by further delays in this litigation, and the lack of

2

NOTICE OF NON-OPPOSITION BY PLAINTIFF TO DEFENDANT'S
MOTION TO STRIKE PORTIONS OF COMPLAINT
CASE NO. 3:24-cv-1120 CAB VET

appropriate less drastic sanctions all support dismissal. Moreover, upon review of the motion and of the record, the motion appears to be meritorious and dismissal is warranted for all of the reasons stated in the motion.

Accordingly, Defendant requests that the Court grant its Motion and enter a disposition dismissing and/or striking Plaintiff's request for punitive damages, emotional distress damages, and attorney's fees, in the Complaint in favor of Defendant.

DATED:  July 30, 2024                          JACKSON LEWIS P.C.


                                               By: */s/ Sarah Raoof*
                                               Nikki L. Wilson
                                               Sarah Raoof

                                               Attorneys for Defendant
                                               NOVA SOUTHEASTERN UNIVERSITY

4894-6442-9780, v. 1

NOTICE OF NON-OPPOSITION BY PLAINTIFF TO DEFENDANT'S
MOTION TO STRIKE PORTIONS OF COMPLAINT
CASE NO. 3:24-cv-1120 CAB VET