UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDSEY MACK, an individual,<br><br>              Plaintiff,<br><br>v.<br><br>NOVA SOUTHEASTERN UNIVERSITY, a Private-Nonprofit Corporation, et al,<br><br>              Defendants. | Case No.:  24-cv-1120-CAB-VET<br><br>**ORDER: (1) GRANTING UNOPPOSED MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) [Doc. No. 5]; AND (2) DENYING AS MOOT MOTION TO STRIKE PORTIONS OF COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(f) [Doc. No. 4]** |

On July 3, 2024, Defendant Nova Southeastern University filed a motion to dismiss the complaint on the grounds that the complaint fails to state a claim. [Doc. No. 5.]  On the same date, Defendant also filed a motion to strike portions of the complaint. [Doc. No. 4.] Both motions set a hearing date (for briefing purposes only) of August 9, 2024.  Civil Local Rule 7.1.e.2 requires a party opposing a motion to file an opposition or statement of non-opposition no later than fourteen calendar days before the noticed hearing.  Thus, based on the hearing date of August 9, 2024, Plaintiff's opposition to the motions was due on July 26, 2024.  To date, Plaintiff has not filed an opposition to either motion.

Under the local rules, Plaintiff's failure to oppose "may constitute a consent to the granting of [the] motion."  *See* CivLR 7.1.f.3.c.  District courts have broad discretion to enact and apply local rules, including dismissal of a case for failure to comply with the local rules.  *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming grant of an

unopposed motion to dismiss under local rule by deeming a pro se litigant's failure to oppose as consent to granting the motion).  Before dismissing an action for failure to comply with local rules, the district court "weigh[s] several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Here, the *Ghazali* factors support granting the motion to dismiss the complaint based on the lack of opposition because Plaintiff's failure to oppose the motion indicates that Plaintiff has abandoned this lawsuit and consents to its dismissal.  Further, the public's interest in expeditious resolution of litigation, the court's need to manage its docket, the risk of prejudice to Defendant by further delays in this litigation, and the lack of appropriate less drastic sanctions all support dismissal.  Finally, upon review of the motion and of the record, the motion appears to be meritorious and dismissal is warranted for all of the reasons stated in the motion.

Accordingly, it is hereby **ORDERED** that the motion to dismiss is **GRANTED** based on the lack of opposition and on its merits for the reasons set forth above.  The complaint is therefore **DISMISSED**.

The motion to strike portions of the complaint is **DENIED AS MOOT**.

 The Clerk of Court is instructed to **CLOSE** this case.

It is **SO ORDERED**.

Dated:  August 19, 2024

Hon. Cathy Ann Bencivengo
United States District Judge